UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN PAUL TACKETT

    Petitioner,

-vs-                                      Case Nos.   5:05-cv-133-Oc-10GRJ
                                                                   5:02-cr-13-Oc-10GRJ

UNITED STATES OF AMERICA

    Respondent.
_____/

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on the Order of Reference (Doc. 9), which referred to the undersigned, Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody. (Doc. 1.) After the United States filed a response to Petitioner's motion (Doc. 7) the Court conducted an evidentiary hearing.[2] The matter is now ripe for decision. For the reasons discussed below the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence is due to be **DENIED**.

## I. BACKGROUND AND FACTS

Petitioner was charged in a three count superseding indictment with: (i) making a false statement to a federally licensed firearms dealer in connection with the acquisition

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] The Court appointed counsel to represent the Petitioner at the evidentiary hearing. (Docs. 10 and 11.)

of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), (ii) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and (iii) bail jumping in violation of 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(ii) and 3147(1). The Petitioner entered a guilty plea on December 16, 2004 pursuant to a written plea agreement regarding the charges for making a false statement to a firearms dealer in connection with the acquisition of a firearm and for bail jumping. The plea agreement contained a waiver of the Petitioner's right to appeal his sentence, other than in several narrow circumstances, none of which apply to this case. On April 22, 2004, Petitioner was sentenced to 102 months of imprisonment. Consistent with the terms of the plea agreement the Petitioner did not file a direct appeal.

On March 9, 2005, the Petitioner filed the instant *pro se* Petition To Vacate, Set Aside or Correct Sentence, claiming that he received ineffective assistance of counsel. Specifically, Petitioner contends that he received ineffective assistance of counsel because his counsel: (1) failed to consult with him about appealing and did not file a notice of appeal, (2) failed to object to sentencing enhancements that were based on Petitioner's prior convictions, and (3) failed to object to the obstruction of justice enhancement. Petitioner also contends he is "innocent of the criminal history category criteria." Based on these allegations, the Petitioner requests the Court to vacate his sentence and re-sentence him.

The Court set an evidentiary hearing on the limited issue of Defendant's claim of ineffective assistance of counsel concerning his counsel's alleged failure to consult with him about appealing. All of the other grounds raised by Defendant can be addressed adequately by reference to matters that appear of record.

At the evidentiary hearing the Defendant testified in his own behalf. The United States presented the testimony of Michael Johnson, Petitioner's court appointed trial counsel in the underlying criminal case.

The Petitioner testified that prior to the sentencing hearing on April 22, 2004 he did not discuss with Michael Johnson, his court appointed counsel, issues about appealing the sentence that he was to receive. However, the Petitioner acknowledged that he understood the plea agreement contained a waiver of his right to appeal his sentence "which kind of void [the defendant] from any appeals .. " Without specifying which constitutional issues could be raised the Petitioner testified that he believed there were issues that he could raise.

According to Petitioner, because there were some contested issues at the sentencing hearing, he believed that some of those issues were appealable issues. Immediately after the sentencing hearing had concluded, Michael Johnson asked the Petitioner whether he wanted to appeal. The Petitioner testified that he told Mr. Johnson he needed to talk with him. Petitioner testified that Mr. Johnson then told the Petitioner that Mr. Johnson "would get back with me [the defendant]." Despite making several collect calls[3] to Mr. Johnson's office Petitioner did not have any further contact with Mr. Johnson. Petitioner testified that he never attempted to contact Mr. Johnson after he was transferred to FCC-Coleman from the Marion County Jail because he knew that the ten day time limit to appeal already had expired. Lastly, Petitioner testified that if he had been successful in getting in touch with Mr. Johnson, he would have instructed Mr.

---

[3] Petitioner did not leave any messages on his attempts to call Mr. Johnson because the collect calls were not accepted.

Johnson to file an appeal on certain issues. Petitioner did not, however, provide any direct testimony concerning the issues he wanted Mr. Johnson to appeal.

On cross examination, Petitioner identified two issues he contends he wanted Mr. Johnson to appeal. The first issue concerned the Court's finding with respect to the Defendant's criminal history category under the Sentencing Guidelines. The Presentence Investigation Report ("PSI") scored the Petitioner as a criminal history category six. However, at sentencing the Court scored the Petitioner at criminal history category five, based upon the arguments advanced by Mr. Johnson. Notwithstanding the success of his counsel in reducing the Petitioner's criminal history category to five, the Petitioner still believes he should have been scored lower. All of the challenges to Petitioner's criminal history category relate to his claim that past convictions should not be counted. On re-direct Petitioner also offered that he wanted to appeal a determination that one of his past convictions involved a crime of violence and that he wanted to raise an *Apprendi* challenge to his sentence under the sentencing guidelines.

The United States presented the testimony of Michael Johnson. Mr. Johnson has been practicing criminal law since approximately 1982 and is an experienced criminal defense attorney who has represented more than 30 defendants in criminal cases in federal court in the Middle and Northern Districts of Florida. Mr. Johnson was appointed by the Court to represent the Petitioner, in the place of the Federal Public Defender, after the Defendant was re-arrested after absconding from the jurisdiction. Mr. Johnson represented the Defendant at the change of plea hearing and during the sentencing proceedings.

According to Mr. Johnson, the guilty plea by the Petitioner involved a written plea

agreement, which included a waiver of appeal provision. Prior to the execution of the written plea agreement by the Petitioner and prior to the guilty plea hearing, Mr. Johnson met with the Petitioner at the Marion County Jail and "went over the plea agreement" with the Petitioner. Mr. Johnson testified that it is his habit - which he followed in this instance - to "read over each line" of the plea agreement with the defendant and to discuss the contents of the plea agreement with the defendant. Mr. Johnson testified that the Petitioner was familiar with the plea agreement, having previously signed a plea agreement in this case, while he was represented by the Federal Public Defender. Mr. Johnson discussed "not only what he [Petitioner] was signing but the repercussions of [Petitioner's] execution of [the plea agreement][and] the sentence that would likely be imposed."

Further, Mr. Johnson testified that in his opinion the evidence against the Petitioner was strong. With regard to the count charging the Petitioner with obtaining a firearm by a false statement on an ATF form (i.e. that Petitioner was a convicted felon), Petitioner had confessed to this count. With regard to the count charging the Petitioner with bail jumping - the other count to which Petitioner pled guilty - there essentially was no defense to this charge in view of the fact that the Petitioner fled and eventually was tracked down and apprehended by the United States Marshal in Tennessee.  Based on these circumstances Mr. Johnson advised the Petitioner "to take the plea agreement."

With regard to the provision of the plea agreement that contained a waiver of appeal, Mr. Johnson testified that he reviewed this provision with the Petitioner "word for word" and also explained the waiver of appeal provision with the Petitioner in "layman's terms."

According to Mr. Johnson, he had a discussion with the Petitioner "not too long prior to the sentencing hearing" during which he discussed with the Petitioner the issues at the sentencing hearing. The three issues which Mr. Johnson discussed with the Petitioner were: (1) whether or not two convictions in Kentucky, which were deemed third degree felonies for statutory rape, would be considered crimes of violence under the sentencing guidelines, thus raising the guideline sentence for the firearm charge, (2) whether or not two of the prior burglary convictions constituted a single incident, and (3) whether or not there was a warrant for Petitioner at the time of the offense issued from the State of Kentucky. Specifically, with regard to whether the "statutory rape" conviction from Kentucky constituted a crime of violence, Mr. Johnson reviewed with Petitioner the elements of the crime under Kentucky law and the arguments he would make to distinguish the conviction form Florida law. Mr. Johnson advised the Petitioner that the Eleventh Circuit had previously held that a lewd assault with a minor constituted a crime of violence. Most notably, however, Mr. Johnson expressly advised the Petitioner that whatever decision the Court made on this issue was not appealable. Ultimately, the Petitioner was not successful on this issue at sentencing and the Court found that the prior statutory rape conviction constituted a crime of violence under the Sentencing Guidelines. This determination effected the calculation of the criminal offense level and not the calculation of the criminal history category.

With regard to the issue of whether the prior burglary convictions should be scored as one conviction, the Petitioner was successful on this issue at sentencing. As a result of the Court's finding that the burglary conviction should be scored as one and not two convictions, the Petitioner's criminal history category was reduced from six to

five.

Mr. Johnson testified that following the sentencing hearing on April 22, 2004, he does not recall the Petitioner unambiguously communicating to him that the Petitioner wanted to discuss the appeal of his sentence. According to Mr. Johnson, had the Petitioner made such a request, Mr. Johnson "would have been at the jail the next day talking with [the Petitioner]." Mr. Johnson has never had any further conversations with the Petitioner with regard to whether the Petitioner wanted to appeal.

Mr. Johnson never declined to accept any collect calls from the Petitioner while Mr. Johnson was in the office. It is also the routine practice of his office not to accept collect telephone calls from inmates if Mr. Johnson is not in the office. However, when a collect call is made by an inmate to Mr. Johnson's office, while he is not there, it is the customary practice of Mr. Johnson's secretary to write down who called and to tell Mr. Johnson if an inmate has called. Mr. Johnson has no recollection of Petitioner attempting to place a collect call to Mr. Johnson's office after the sentencing hearing.

Mr. Johnson's file does disclose that he had telephone discussions with Petitioner during the course of his representation of Petitioner, and prior to sentencing. Moreover, Mr. Johnson's file reflects that on February 11, 2004 Petitioner wrote to Mr. Johnson and requested copies of his file, which Mr. Johnson transmitted to Petitioner shortly thereafter. Notwithstanding the fact that Petitioner had communicated successfully with Mr. Johnson in writing during the representation, and prior to sentencing, Mr. Johnson has not received any correspondence from Petitioner since the sentencing hearing.

## II. LEGAL ANALYSIS

Claims of ineffective assistance of counsel are subject to the two-prong analysis set out by the Supreme Court in Strickland v. Washington.[4] To make out a successful claim, Petitioner must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.[5] The Court will first address Petitioner's claims of ineffective assistance as to the failure to file a notice of appeal and then will briefly address Petitioner's other grounds of ineffective assistance.

### A. Failure to File a Notice of Appeal

Although the right to appeal is not necessarily a constitutional right, there is little question that failure to pursue an appeal results in the denial of a proceeding altogether, thus implicating a denial of due process.[6]

In examining whether there is defective performance by counsel under the first prong of *Strickland* - where the claim of ineffective assistance of counsel, as here, is premised on the failure to file an appeal - the inquiry begins with the question of whether counsel consulted with the defendant about an appeal.[7] If counsel has discussed with the defendant the advantages and disadvantages of taking an appeal, and made a reasonable effort to discover the defendant's wishes, counsel performed in a professionally unreasonable manner only if counsel failed to follow the defendant's

---

[4] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[5] *Id.* at 687, 104 S.Ct. at 2064.

[6] Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684 (2000).

[7] Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000).

express instructions to file an appeal.[8] If it is determined that "counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary question: whether counsel's failure to consult with the defendant itself constitutes deficient performance."[9] However, "counsel only has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."[10]

Based on the evidence presented at the hearing the Court determines that Petitioner has failed to show deficient performance by Mr. Johnson because Mr. Johnson "consulted" with the Petitioner and the weight of the evidence does not show that Mr. Johnson failed to follow the express instructions of the Petitioner to file an appeal. Alternatively, even if the Court was to conclude that Mr. Johnson failed to consult with Petitioner, the Petitioner has failed to establish deficient performance in failing to consult with him under the second prong of *Flores-Ortega* because Petitioner has failed to show that a rational defendant would have wanted to appeal or that Petitioner reasonably demonstrated to Mr. Johnson that Petitioner was interested in appealing.

While Mr. Johnson did not consult with the Defendant immediately after the

---

[8] *Id.* at 528 U.S. 478, 120 S.Ct. 1035.

[9] *Id.*

[10] *Id.* at 528 U.S. 480, 120 S.Ct. 1036.

sentencing hearing concerning an appeal, Mr. Johnson met with the Defendant shortly before the sentencing hearing and discussed with the Defendant in detail the relevant issues that would be discussed at the sentencing hearing, including the issue of whether the state court burglary conviction from Kentucky constituted a single incident and whether the Kentucky statutory rape conviction would constitute a crime of violence. Most notably, Mr. Johnson advised the Petitioner at that meeting that he could not appeal the sentence on any of these grounds because of the waiver of appeal even if the Court did not agree with the Petitioner's position on any of these issues.

Additionally, even assuming that Mr. Johnson's meeting with the Petitioner prior to sentencing is sufficient to establish that "counsel consulted with the defendant about an appeal," there was no evidence presented to establish that the Petitioner expressly instructed Mr. Johnson to file an appeal. Viewing the Petitioner's testimony in the most favorable light, Petitioner allegedly told Mr. Johnson after the sentencing hearing that he wanted to meet with him the next day about an appeal. There was no testimony that the Petitioner expressly - or even tacitly - directed Mr. Johnson to file an appeal.

The Court does not, however, need to resolve the issue of whether Mr. Johnson's meeting with the Defendant shortly before sentencing is a sufficient consultation because the evidence presented at the hearing demonstrates that Mr. Johnson did not have a constitutionally imposed duty to consult with the Defendant. Under the second part of the *Flores-Ortega* analysis, an attorney only has a constitutionally imposed duty to consult with a defendant about an appeal where it is reasonable to conclude that: (1) a rational defendant would want to appeal or (2) the

defendant reasonably demonstrated to his lawyer that he wanted to appeal.[11]

The evidence presented to the Court does not suggest that under these circumstances a rational defendant would have wanted to appeal. There are several reasons for this conclusion. First - and foremost - it is undisputed that the written plea agreement in this case contained a broad waiver of Defendant's right to appeal his sentence. Included within the waiver of appeal section of the plea agreement was the waiver of Petitioner's right to appeal a guideline range sentence. The sentence Petitioner received was *within* the applicable guideline range as determined by the Court. Moreover, there is no question that Defendant understood he had waived his right to appeal. Mr. Johnson specifically testified that he discussed with the Petitioner all of the sentencing issues - which Petitioner now contends he wanted to appeal - and advised the Petitioner that however the Court ruled on these issues he could not appeal the sentence. Mr. Johnson testified that the Petitioner acknowledged to Mr. Johnson that Petitioner understood he had waived his right to appeal these issues.

Moreover, even though the Petitioner is not required to establish meritorious grounds for an appeal in order to prevail, the fact that Mr. Johnson was successful at sentencing in reducing the Defendant's criminal history category from six to five is, nonetheless, probative on the issue of whether a rational defendant would have wanted to appeal his sentence. Certainly, a rational defendant would have had no reason to want to appeal an issue that was resolved favorably to him.

Accordingly, for these reasons the uncontroverted evidence amply demonstrates

---

[11] Flores-Ortega, 528 U.S. at 479-80.

that a rational defendant would not have wanted to appeal his sentence where the defendant knew - and as is the case here understood - that he had waived his right to appeal any sentence within the guideline range.

Nor has the Petitioner established that he reasonably demonstrated to his counsel that he wanted to appeal. The testimony was fairly straight forward on this issue. The Defendant had - at best - a few passing comments with Mr. Johnson at the conclusion of the sentencing hearing. Defendant never told Mr. Johnson that he wanted to appeal nor did he request that Mr. Johnson file an appeal. Mr. Johnson expressly testified that had Petitioner made any request at the sentencing hearing to speak with Mr. Johnson about an appeal, Mr. Johnson would have been at the Marion County Jail the next day.

Further, despite the fact that the Petitioner had successfully communicated to Mr. Johnson in writing previously, after the sentencing hearing Petitioner did not make any written requests to Mr. Johnson to file an appeal. And, even after the ten day period had expired for filing an appeal, the Petitioner never sent Mr. Johnson any written communication inquiring as to the status of an appeal or complaining that an appeal had not been filed. The absence of any such communication is highly suggestive of the conclusion that Petitioner never demonstrated to Mr. Johnson that Petitioner wanted to appeal.

While the Defendant testified that he attempted to contact Mr. Johnson through a collect call after the sentencing hearing,[12] Mr. Johnson testified that it was the

---

[12] Petitioner's testimony on this issue is somewhat diluted by the fact that Petitioner never mentioned in the affidavit filed with his 2255 petition (Doc. 3) that he made any attempt to telephone Mr.

customary practice of his office to write down the name of any clients, who were in custody, that attempted to call Mr. Johnson's office through a collect call. Mr. Johnson was never advised by his secretary that the Petitioner had placed a collect call to Mr. Johnson.

Lastly, the fact that Mr. Johnson specifically advised the Petitioner before the sentencing hearing that Petitioner had waived his right to appeal the issues raised at the sentencing hearing, militates strongly against any conclusion that the Petitioner reasonably demonstrated to Mr. Johnson that he wanted to appeal. To the contrary, this evidence is highly probative of the conclusion that the Defendant did nothing to demonstrate to his lawyer that he wanted to appeal.

For all of these reasons, the Court concludes that the evidence presented by the Petitioner does not establish that a rational defendant in Petitioner's circumstance would have wanted to appeal or that Petitioner reasonably demonstrated to his lawyer that he wanted to appeal the sentence he received in this case. Accordingly, Petitioner has failed to establish under *Flores-Ortega* that Mr. Johnson had a constitutionally imposed duty to consult with Petitioner about an appeal. As such, Petitioner's motion to vacate his sentence, based on his claim that the performance of his counsel was deficient for failing to file a notice of appeal, is due to be denied.

B.   **Sentencing Guideline Range Issues**

Petitioner also raises as grounds in his Petition claims that his counsel provided

---

Johnson at his office. Petitioner's version was simply that Mr. Johnson told him he would come to the jail to discuss an appeal with the Petitioner and Mr. Johnson failed to contact him. The expanded version of events offered at the evidentiary hearing for the first time referenced that Petitioner had attempted unsuccessfully to telephone Mr. Johnson.

13

ineffective assistance at sentencing because Mr. Johnson failed to object to sentencing enhancements that were premised on Petitioner's prior convictions and failed to object to the obstruction of justice increase Petitioner received. Additionally, Petitioner contends that he is "innocent of the criminal history category," and at the evidentiary hearing, Petitioner also asserted that he "wanted to raise constitutional issues under *Apprendi*."

The Court does not need to address the merits of these grounds and can summarily dispose of these claims based on the broad waiver of appeal executed by Petitioner in the written plea agreement. The law is fairly well settled that claims of ineffective assistance of counsel relating to sentencing are waived and survive only if counsel's performance directly affects the validity of the plea itself.[13] There is no argument advanced by Petitioner that challenges the validity of the plea in this case. The sole focus of Petitioner's challenge is on his counsel's performance at sentencing and the calculation by the Court at sentencing of his criminal offense level and criminal history category under the sentencing guidelines. Accordingly, Petitioner's motion to vacate his sentence on these grounds is also due to be denied.

Lastly, to the extent that the Petitioner has attempted to raise constitutional

---

[13] Williams v. United States, 396 F.3d 1340 (11th Cir. 2005); *see also,* United States v. White, 307 F.3d 336, 343 (5th Cir. 2002); Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001)(reviewing only claims of ineffective assistance attacking the validity of the waiver itself); DeRoo v. United States, 223 F.3d 919, 923-24 (8th Cir. 2000); United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001), *cert denied*, 122 S.Ct. 821 (2002); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), *cert denied,* 531 U.S. 1175 (2001); United States v. Djelevic, 161 F.3d 104, 107 (2nd Cir. 1998)(if the complaint underlying the ineffective assistance claim was waived by a defendant's plea agreement, then the ineffective assistance claim was also waived).

challenges to his sentence under the principles enunciated in *Apprendi*,[14] *Blakely*,[15] or *Booker*[16] the waiver of appeal provision in the written plea agreement has been interpreted to include the waiver of a defendant's right to appeal even constitutional challenges under *Booker*.[17]  Accordingly, claims two, three and four of Petitioner's §2255 motion - as well as any *Apprendi*[18] challenges mentioned by Petitioner at the evidentiary hearing - are deemed waived and, therefore, must be denied.

### III.  RECOMMENDATION

In view of the foregoing it is respectfully **RECOMMENDED** that Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. 1) be **DENIED**.

**IN CHAMBERS** at Ocala, Florida this 13th day of December, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
   Honorable Wm. Terrell Hodges
   Senior United States District Judge

   United States (Sciortino)
   Counsel for Defendant
   Defendant

---

[14] Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

[15] Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004).

[16] United States v. Booker, 125 S.Ct. 738 (2005).

[17] *See, e.g.* United States v. Rubio, 396 F.3d 1330, 1331-32, 1333-35 (11th Cir. 2005)(sentence appeal waiver allowing defendant to appeal sentence above statutory maximum did not allow for appeal of sentence on ground that it was imposed in violation of *Booker* principles); United States v. Frye, 402 F.3d 1123, 1129 (11th Cir. 2005); United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005)(sentence appeal waiver identical to waiver language in this case did not allow for appeal of sentence on ground that sentence was imposed in violation of *Booker* principles).

[18] Petitioner's recitation at the hearing that he also wanted to make an *Apprendi* challenge to his sentence makes no sense because the enhancements at sentencing all had to do with the Defendant's prior convictions, which are not matters for which a defendant would have a right to trial by jury. Even after *Apprendi* the court was free to increase a sentence based upon prior convictions without running afoul of the Sixth Amendment.